**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GEORGE ROSS,** | ) | |
| **# K60506,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 19-CV-0577** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WARDEN LAMB, C/O THOMPSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff George Ross, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims an inmate physically burned him in his cell at Lawrence Correctional Center ("Lawrence") and prison officials did not respond to his grievances about the incident. He seeks expungement of a disciplinary ticket related to his burn, a single man cell for the remainder of his incarceration, and money damages.

This case is now before the Court for preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: in February 2017 Plaintiff's cellmate tried to start an altercation by throwing hot water on him.  "The Prison" failed to protect Plaintiff from his dangerous cellmate.  Plaintiff received disciplinary consequences as a result of his cellmate's actions.  He filed grievances about the burns and the discipline, but never received adequate responses.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:**   **Failure to protect Plaintiff from a dangerous cellmate**
>
> **Count 2:**   **Insufficient Due Process at Plaintiff's disciplinary hearing following the altercation with his cellmate**
>
> **Count 3:**   **Failure to respond to Plaintiff's grievances**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

As a preliminary matter, Plaintiff's Complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires that a Complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought."  FED. R.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

CIV. P. 8(a). Rule 8(d) requires that each allegation within the Complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of these Rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint is scattered and difficult to follow. He provides approximately five pages of written narrative, but they are intermixed with copies of grievances. It is unclear from Plaintiff's narrative what he views as the ultimate harm and whether he is still suffering as the result of some harm. The Court was able to discern the 3 Counts enumerated above, but as is explained below, none of the allegations provide sufficient detail for the Complaint to proceed. As a result, the Court finds it most efficient to dismiss the case without prejudice.

Plaintiff will be given an opportunity to file an amended complaint that focuses on a single claim or a set of related claims arising from his experience at Lawrence. If Plaintiff chooses to file an amended complaint, he must follow the instructions and deadlines for doing so in the disposition below or face dismissal of this case. *See* FED. R. CIV. P. 41(b).

### Count 1

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials "take reasonable measures to guarantee the safety of inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (*quoting Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (other citations omitted)). In order to state a viable failure to protect claim against a prison official, a plaintiff needs to show: (1) that he was incarcerated under conditions posing a substantial risk of serious harm; and (2) that prison officials acted with deliberate indifference to that risk. *Id.*

With respect to the first element, a plaintiff must show not only that he experienced or was

exposed to serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The second element is subjective and necessitates an inquiry into a defendant's state of mind as a prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Thus, in order to prevail, a plaintiff must establish that a defendant had actual knowledge of an impending harm, easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from each defendant's failure to prevent it. *Santiago*, 599 F.3d at 758. "In cases involving inmate-on-inmate violence, 'a prisoner normally provides actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety'." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Here, Plaintiff Complaint does not adequately state a failure to protect claim because he does not allege the prison guards were aware that his cellmate wanted to attack him prior to hot water being thrown on him. Nor does he identify who he notified of a safety risk, or how they responded. Accordingly, Count 1 will be dismissed.

## Count 2

Due process requires that a prisoner receive advance written notice (at least 24 hours beforehand) of disciplinary charges alleged against him. *See e.g. Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563, (1974). Inmates also have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals, *Wolff*, 418 U.S. at 566. However, there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary, *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003), *citing Forbes v. Trigg*, 976 F.2d 308, 317–18 (7th

Cir.1992). Due process also requires that a determination of guilt be based on "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *see Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Plaintiff has failed to state a colorable due process claim because he does not identify a defect in the investigation or adjustment committee proceedings that led to him being punished. Nor does he allege a lack of evidence that could support him receiving a disciplinary infraction. Accordingly, Count 2 will be dismissed.

### Count 3

Plaintiff alleges his rights have been violated because prison employees failed to respond to his grievances and sent him on a circular quest to resubmit documents not in his possession. It is well established that inmates do not have a due process liberty interest in a grievance procedure, including a fully functional grievance procedure. *See id.* at 772, *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, Count 3 will also be dismissed for failure to state a claim.

### <u>Request for Injunctive Relief</u>

Plaintiff requests injunctive relief in the Complaint; he seeks an Order that he be held in a single-man cell for the duration of his prison time (Doc. 1, p. 36). Plaintiff's claims pertain to his safety at Lawrence, but he has been transferred to Stateville. When an inmate is transferred to another prison, his request for injunctive relief is moot unless "he can demonstrate that he is likely to be retransferred" back to the prison. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citation omitted); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Plaintiff has made no such showing.

If Plaintiff believes he is not safe at the facility where he is currently housed, he must file

a new lawsuit naming as defendants the individuals at that facility who are responsible for protecting him from other harmful inmates as defendants. Plaintiff may then file a Rule 65 motion for a temporary restraining order and/or preliminary injunction in that action, if he believes the requirements for obtaining such relief have been met.

### Motion for Recruitment of Counsel

In his Motion for Counsel (Doc. 3), Plaintiff claims that his imprisonment will limit his ability to litigate his case and that he has limited access to the law library. He provides several letters he sent to counsel seeking representation, but includes no responses. Given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Should Plaintiff file an amended complaint which survives threshold review and to which the defendants answer or otherwise respond, he may refile a motion for counsel if he so chooses.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim. Should Plaintiff wish to proceed with his case, he shall file a First Amended Complaint on or before March 6, 2020. It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 19-cv-577-SMY.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

The amended complaint should conform to the designation of claims into the Counts enumerated by the Court in this Order. Plaintiff shall identify by name, each Defendant alleged to be liable under each Count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after completion of the § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 6, 2020**

<u>**STACI M. YANDLE**</u>
**United States District Judge**