IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE ROSS, # K60506, | ) ) ) ) |
| Plaintiff, | ) Case No. 19-CV-0577 ) |
| vs. | ) ) |
| WARDEN LAMB, C/O THOMPSON, C/O TUGGS, and MS. WEAVER | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff George Ross, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims his cellmate burned him in his cell at Lawrence Correctional Center ("Lawrence") after he informed prison officials that he had been threatened, and that he received inadequate medical care afterward. He seeks expungement of a disciplinary ticket and monetary damages.

The original Complaint (Doc. 1) was dismissed without prejudice on preliminary review under 28 U.S.C. § 1915A. (Doc. 12). The Court now screens his First Amended Complaint (Doc. 13). Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

1

§ 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the First Amended Complaint: On February 2, 2017, Plaintiff wrote Weaver (a placement officer) asking for a new cellmate because his current cellmate had threatened him to stay in his bunk while both were in the cell. (Doc. 13, p. 8). Weaver never responded. (*Id.*, p. 9). Plaintiff also informed C/O Thompson of the threats, but Thompson took no action. (*Id.*). Plaintiff wrote Warden Lamb on February 6, 2017 about his concerns and the threats from his cellmate but received no response. (*Id.*, p. 10).

On February 7, 2017, Plaintiff's cellmate threatened to kill him. (*Id.*). Plaintiff again told Thompson, who stated he believed they were idle threats and that he could not move Plaintiff. (*Id.*, p. 11). The cellmate later threw hot water on Plaintiff, burning him. (*Id.*, pp. 11-12).

Plaintiff told Thompson and Tuggs that he was in pain and needed medical care, but they denied him. (*Id.*, pp. 2-3, 14-15). Plaintiff was seen and treated by a nurse on February 10, 2017, who noted a burn on his chest and a bruised and swollen left hand. (Doc. 27).

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide this *pro se* action into the following Counts:

> **Count 1:** **Eighth Amendment claim against Weaver, Lamb and Thompson for failure to protect Plaintiff from a dangerous cellmate**
>
> **Count 2:** **Eighth Amendment claim against Thompson and Tuggs for deliberate indifference to his serious medical needs.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

### Count 1

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials "take reasonable measures to guarantee the safety of inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (*quoting Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (other citations omitted)). In order to state a viable failure to protect claim against a prison official, a plaintiff needs to show: (1) that he was incarcerated under conditions posing a substantial risk of serious harm; and (2) that prison officials acted with deliberate indifference to that risk. *Id.* Plaintiff has adequately stated a claim against Thompson, Weaver and Lamb, in that they were allegedly informed of specific threats against Plaintiff by his cellmate but took no action. Count 1 will therefore proceed.

### Count 2

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state such a claim, an inmate must plead sufficient allegations to plausibly suggest: 1) that he suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). Plaintiff has alleged objectively serious

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

injuries from the cellmate attack and that Thompson and Tuggs were deliberately indifferent to his need for care.  Count 2 will therefore proceed.

**Recruitment of Counsel**

In his First Amended Complaint, Plaintiff includes an aside stating that he was assisted in drafting it by a "jail house litigator" and asking that the Court appoint him an attorney.  (Doc. 13. P. 15).  The Court interprets this as a highly informal renewed Motion for Recruitment of Counsel.  Plaintiff's Motion is **DENIED** without prejudice for the same reasons set forth in the Court's Order denying his prior Motion.  (Doc. 12).  Plaintiff's lack of legal knowledge does not appear to be a significant hinderance at this early stage of a relatively straightforward suit.  Plaintiff may refile at a later stage.

**Disposition**

**COUNT 1** will proceed as to Weaver, Thompson and Lamb.  **COUNT 2** will proceed as to Thompson and Tuggs.

The Clerk of Court shall prepare for Defendants Weaver, Thompson, Lamb and Tuggs: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant**

**to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: March 16, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**