## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GEORGE ROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-577-DWD** |
| | ) | |
| **WARDEN NICHOLAS LAMB,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff George Ross, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Stateville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Lawrence Correctional Center ("Lawrence"). Plaintiff claims Defendants failed to protect him from an assault by his cellmate in violation of the Eighth Amendment. Defendants Nicholas Lamb, Robbie Tubbs and Mary Weaver have filed a Motion for Summary Judgment (Doc. 54) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). Plaintiff has failed to file any response. Under Local Rule 7.1(c), failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. Here, the Court will treat the lack of response as an admission of the allegations of undisputed material facts and proceed to determine whether summary judgment is appropriate on that basis.

## BACKGROUND

In his Amended Complaint, Plaintiff alleged that on February 2, 2017, he wrote Weaver (a placement officer) asking for a new cellmate, as his current cellmate had threatened him if he did not stay in his bunk while both were in the cell.  (Doc. 13, p. 8). Weaver never responded.  (*Id.*, p. 9).  On February 6, 2017, Plaintiff wrote Warden Lamb about his concerns and the threats from his cellmate, but received no response.  (*Id.*, p. 10).

On February 7, 2017, Plaintiff's cellmate threatened to kill him.  The cellmate threw hot water on Plaintiff on February 9, 2017, burning him.  (*Id.*, pp. 11-12).

After the attack, Plaintiff told Tubbs that he was in pain and needed medical care, which was refused.  (*Id.*, pp. 2-3, 14-15).  Plaintiff was seen and treated by a nurse on February 10, 2017, who noted a burn on his chest and a bruised and swollen left hand. (Doc. 27).  A disciplinary ticket for fighting was later issued to Plaintiff for fighting, and he was found guilty.  (Doc. 54-1, pp. 15-16).

Defendants Lamb, Weaver and Tubbs filed a motion for summary judgment asserting that Plaintiff failed to adequately exhaust his administrative remedies as to them, because they are not named or adequately identified in any grievances related to the incident, and that Plaintiff did not grieve either a failure to protect or denial of medical care.  (Doc. 54).

## FINDINGS OF FACT

There is only one relevant grievance in the record, dated March 21, 2017 (Doc. 54-1, pp. 7-9).  In it, he describes the circumstances and details of the February 9 altercation

with his cellmate and disputes the Adjustment Committee's finding him guilty on the disciplinary ticket.  No mention is made of any warnings of imminent danger he gave prior to the February 9 incident, nor any request for medical care that was denied.  The grievance was denied, as was his appeal to the Administrative Review Board ("ARB"). (Doc. 54-2, p. 5).

As the material facts regarding the Motion are undisputed, the Court chose not to hold a hearing on the issue of exhaustion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

## CONCLUSIONS OF LAW

### A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).  In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to

3

exhaust. *Pavey*, 544 F.3d at 742.  After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust.  *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018)

The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740.  "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving."  *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).  For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017).  The regulations first require an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance.  20 ILL. ADMIN. CODE § 504.810(a). Administrative regulations require the grievance "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint."  20 ILL. ADMIN. CODE § 504.810(c). If the names of the individuals are unknown to the offender, he can still file the grievance but "must include as much descriptive information about the individual as possible." *Id.*

4

Further, the Seventh Circuit has held that an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO.  20 ILL. ADMIN. CODE § 504.830(e).  The CAO then provides the inmate with a written decision on the grievance.  *Id.*

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the ARB.  20 ILL. ADMIN. CODE §504.850(a).  The ARB must receive the appeal within 30 days of the date of the CAO's decision.  *Id.*  The inmate must attach copies of the responses from the grievance officer and CAO to his appeal.  *Id.*  The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination.  20 ILL. ADMIN. CODE § 504.850(d), (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO.  20 ILL. ADMIN. CODE § 504.840.  If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance.  *Id*

**B. Analysis**

It is undisputed that Plaintiff submitted only one grievance related to the issues with his cellmate and subsequent altercation.  It is clear that Plaintiff adequately exhausted that grievance.  However, the content of grievance was inadequate to exhaust

5

his administrative remedies as to Lamb, Tubbs and Weaver.    The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (*quoting Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)).    The thrust of Plaintiff's relevant grievance is the disciplinary ticket he was issued and subsequent finding of guilt.  None of the defendants are named or described, and none of the claims at issue in this lawsuit are mentioned. The content of the March 21, 2017 grievance is insufficient to alert prison officials that he was grieving the failure to protect him from a dangerous situation or the failure to get him adequate medical care in its aftermath.  As such, he failed to adequately exhaust his administrative remedies.

## DISPOSITION

The Motion for Summary Judgment on the issue of exhaustion filed by Defendants Lamb, Tubbs and Weaver (Doc. 54) is **GRANTED**. Plaintiff's claims against them are **DISMISSED without prejudice** for failure to exhaust. The Clerk of Court is **DIRECTED** to enter judgment in their favor at the close the case.

   **IT IS SO ORDERED.**

   DATED:  October 15, 2021

 

 

   _____
   David W. Dugan
   United States District Judge